# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

SHERRY L. HANSON,

   Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

   Defendant.

No. C07-2032

**RULING ON MOTION TO REMAND**

_____

## I. INTRODUCTION

This matter comes before the Court on the Commissioner of Social Security's ("Commissioner") Motion to Reverse and Remand (docket number 10) filed on September 7, 2007. The Commissioner asks the Court to reverse and remand this matter for further consideration of Plaintiff Sherry L. Hanson's claim.

## II. PRIOR PROCEEDINGS

Hanson applied for Title II disability insurance benefits on December 31, 2003, alleging an inability to work since July 25, 2002 due to arm and back problems, hip pain, depression, and anxiety. Her application was denied initially and upon reconsideration. On April 25, 2006, Hanson appeared with counsel, via video conference, before Administrative Law Judge ("ALJ") George Gaffaney for an evidentiary hearing. In a decision dated November 14, 2006, the ALJ denied Hanson's claim. The ALJ determined Hanson was not disabled and was not entitled to disability insurance benefits because she was functionally capable of performing work that exists in significant numbers in the national economy. Hanson appealed the ALJ's decision. On April 25, 2007, the Appeals Council denied Hanson's request for review. Consequently, the ALJ's November 14, 2006 decision was adopted as the Commissioner's final decision.

On May 24, 2007, Hanson filed a Complaint (docket number 1) seeking judicial review of the Commissioner's decision. The Commissioner filed an Answer on July 25, 2007. On August 17, 2007, Hanson filed a brief arguing there is not substantial evidence in the record to support the ALJ's finding that she is not disabled and that there is other work she can perform. On September 7, 2007, the Commissioner filed the instant motion asserting remand is appropriate for further consideration of Hanson's claim. On September 12, 2007, Hanson filed a Response to the Commissioner's Motion to Reverse and Remand requesting that this matter be reversed and remanded with directions that benefits be awarded. On June 29, 2007, both parties consented to proceed before the undersigned in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

### III. ANALYSIS

On April 27 and 28, 2005, Dr. Ralph Scott, PhD., a licensed psychologist, conducted an independent psychological examination of Hanson at the request of her attorney. Hanson was given the WAIS-3 test as part of the evaluation. Hanson's performance on the test included a Verbal IQ score of 70, a Performance IQ score of 89, and a Full Scale IQ score of 77.[1]

The Listing of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 contains a listing for mental retardation. The Listing provides:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during the developmental period. . . .
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

---

[1] *See* Administrative Record at 520.

Case 6:07-cv-02032-JSS   Document 12   Filed 09/25/07   Page 2 of 5

20 C.F.R. Pt. 404, Subpt. P, App. 1, Section 12.05(C). In order to meet the 12.05(C) listing, "a claimant must show: (1) a valid verbal, performance, or full scale IQ of 60 through 70; (2) an onset of the impairment before age 22; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006). A formal diagnosis of mental retardation is unnecessary to meet the Listing requirements. *Id*.

At step three of the five-step sequential test for determining whether a claimant is disabled,[2] the ALJ made the following finding:

> In evaluating the claimant's mental impairment, . . . the undersigned specifically considered the claimant's mental impairments which correspond with section 12.04, 12.05, and 12.06 of the Listing of Impairments. As a result of the claimant's mental impairments, she has: mild restriction of her activities of daily living; mild difficulties in maintaining social functioning; and moderate difficulties in maintaining concentration, persistence or pace. . . . The evidence of record does not establish sufficient limitations to satisfy the "C" criteria.

(Administrative Record at 19) The Commissioner, in his Motion to Reverse and Remand, asserts that "[t]he evidence in this case shows that the ALJ did not articulate a full explanation of his findings at step three, and therefore, remand is appropriate."[3] The Commissioner further argues that due to the ALJ's error at step three, the record could not

---

[2] *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (step three of the sequential evaluation process requires the ALJ to make a finding of whether a claimant meets the criteria of any Social Security Income listings).

[3] *See* Commissioner's motion at 2. The Commissioner does not clearly state why he thinks the ALJ's explanation at step three was lacking, but presumably, the problem with the ALJ's explanation at step three is that the ALJ fails to address the evidence in the record that Dr. Scott found Hanson to have a verbal IQ score of 70, her school records indicate that she had difficulty in the area of language arts at an early age, and she alleges other physical and mental impairments. *See Maresh*, 438 F.3d at 899 (explaining the requirements for meeting section 12.05(C) of the Listing of Impairments).

be "fully developed to determine if Plaintiff could perform other work at step five [of the evaluation process]."[4]

Because the Commissioner requests a remand pursuant to sentence four of 42 U.S.C. § 405(g),[5] the Court must conduct a plenary review of the record and provide a substantive ruling regarding the case. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Court has reviewed the record in this matter and finds that the Commissioner's motion should be granted.[6] Accordingly, the Court finds that this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with

---

[4] *See* Commissioner's motion at 2.

[5] 42 U.S.C. § 405(g) provides in pertinent part:
> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

[6] In her response to the Commissioner's motion, Hanson argues that this matter should be reversed and should only be remanded for the purpose of directing the Commissioner to award disability insurance benefits. In determining whether reversal or remand is appropriate, the Eighth Circuit Court of Appeals has stated that:
> Where the total record is overwhelmingly in support of a finding of disability and the claimant has demonstrated his [or her] disability by medical evidence on the record as a whole, we find no need to remand.

*Gavin v. Heckler*, 811 F.2d 1195, 1201 (8th Cir. 1987); *see also Beeler v. Brown*, 833 F.2d 124, 127 (8th Cir. 1987) (finding reversal of denial of benefits was proper where "the total record overwhelmingly supports a finding of disability"); *Stephens v. Sec'y of Health, Educ., & Welfare*, 603 F.2d 36, 42 (8th Cir. 1979) (explaining that reversal of denial of benefits is justified where no substantial evidence exists to support a finding that the claimant is not disabled). In the present case, the Court concludes that, after reviewing the record, the evidence as a whole does not "overwhelmingly support a finding of disability." *Beeler*, 833 F.2d at 127. Instead, the ALJ simply failed to consider or provide his reasoning at step three of the sequential evaluation process. Therefore, remand for further consideration of Hanson's claim is appropriate.

4

directions to consider whether Hanson meets any listed impairment, specifically, Listing 12.05(C). Furthermore, the ALJ shall make specific findings regarding whether Hanson meets Listing 12.05(C) or any other listed impairment. Additionally, if it is necessary, the ALJ may call upon a medical expert to assist with making his Listing determination.

## IV. ORDER

**IT IS THEREFORE ORDERED** as follows:

1.    The Motion to Reverse and Remand (docket number 10) filed by the Commissioner is hereby **GRANTED**.

2.    This case is hereby **REVERSED** and **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed herein.

DATED this 25th day of September, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA